IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RANDOLPH DEXTER,
    Plaintiff,

vs.                                          Case No.: 4:05cv271/MMP/EMT

FLORIDA PAROLE COMMISSION, et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 1).  Leave to proceed in forma pauperis has been granted (Doc. 5).

    Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," Id. at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief.  Brown v. Budget Rent-A-Car Systems, Inc., 119 F.3d 922, 923

(11th Cir. 1997). Upon review of Plaintiff's complaint, the court concludes that it does not present an actionable claim.

Plaintiff names as Defendants in this action Monica David, Chairman of the Florida Parole Commission ("Commission"); Frederick Dunphy, Vice Chairman of the Commission; and Tena Pate, a Commissioner (Doc. 1 at 1-2). Plaintiff alleges Defendants violated the Ex Post Facto Clause in establishing his presumptive parole release date ("PPRD") (*id*. at 8). Plaintiff states he was sentenced in 1978 to life imprisonment for crimes he committed in 1973, 1975, and 1977 (*id* at 7). Plaintiff alleges the Objective Parole Guidelines were established in 1978, the same year he was sentenced, but after he committed the crimes (*id*.). In 1999, Plaintiff was released on parole (*id*.). In 2003, Plaintiff's parole was revoked, and his PPRD was established (*id*.). In establishing his PPRD, the Commission aggregated Plaintiff's expired sentences from his 1973 and 1975 offenses with his life sentence for the 1977 offense, pursuant to Florida Administrative Code Rule 23-21.011(3) (*id*.). Plaintiff alleges the aggregation provision was added to the guidelines in 1983 (*id*.). As relief, Plaintiff seeks declaratory and injunctive relief, including an order requiring the Commission to re-interview him and determine his PPRD in accordance with the parole guidelines in effect at the time he committed the offenses of which he was convicted (*id*. at 8).

Prisoners' challenges to the guidelines by which the Commission decides who is entitled to parole and who should be denied parole was long ago settled in the Eleventh Circuit. In Paschal v. Wainwright, 738 F.2d 1173 (11th Cir. 1984), the court considered a challenge to the Objective Parole Guidelines Act of 1978 and held that the ultimate discretion about granting parole is with the Commission and "because the [Objective Parole Guidelines Act] merely made a procedural change in how this discretion was exercised there was no ex post facto violation." Johnson v. Wainwright, 772 F.2d 826, 827 (11th Cir. 1985) (explaining Paschal). The Johnson court discussed the holding in Paschal as follows:

> The guidelines have clarified the commission's exercise of its discretion. The commission has created a system by which it attempts to use its discretion in a more uniform manner than previously. The substantive power of the commission remains unchanged; only the manner in which it exercises this power has been altered.

Johnson, 772 F.2d at 827 (citing Paschal, 738 F.2d at 1179). Paschal has been consistently followed. *See* Damiano v. Florida Parole and Probation Commission, 785 F.2d 929, 933 (11th Cir.1986) (citing

<u>Paschal</u> in rejecting an ex post facto challenge and holding that "[w]hen appellant was convicted in 1974, parole was a matter of complete discretion.  It remains so even under the objective parole guidelines of 1978, since parole is still ultimately a matter of discretion."); <u>Jonas v. Wainwright</u>, 779 F.2d 1576, 1577 (11th Cir.), *cert. denied*, 479 U.S. 830 (1986) (concluding the Ex Post Facto Clause was not violated when the Florida Parole and Probation Commission applied the "objective parole guidelines that had been amended after [petitioner] was incarcerated.").

Additionally, a guidelines change that merely alters the Commission's considerations for suitability for parole is not violative of the Ex Post Facto Clause because it neither works to the prisoner's detriment nor constitutes "a criminal or penal law."  <u>Kelly v. Southerland</u>, 967 F.2d 1531, 1532 (11th Cir. 1992) (citing <u>Dufresne v. Baer</u>, 744 F.2d 1543, 1547 (11th Cir. 1984), *cert. denied*, 474 U.S. 817 (1985)).  Guidelines are just that, guidelines for making decisions and reining in discretion.  <u>Paschal</u>, 738 F.2d at 1181; <u>Kelly</u>, 967 F.2d at 1532.  Thus, a claim that an inmate does not like the manner in which the Commission makes it parole decisions is not a viable claim.

Accordingly, it is respectfully **RECOMMENDED**:

That this case be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for Plaintiff's failure to state a claim upon which relief may be granted.

At Pensacola, Florida this 12th day of January 2006.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**